# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2012

No. 12-40201
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA DEROSARIO MENDOZA-PADRON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-1033-1

Before DAVIS, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Maria DeRosario Mendoza-Padron appeals the sentence imposed after her guilty plea conviction for possession with intent to distribute cocaine, arguing that the district court clearly erred in denying a mitigating role reduction pursuant to U.S.S.G. § 3B1.2 because she was merely a courier; her unindicted coconspirators had a greater stake and role; she was not involved in planning or making decisions, was paid a set fee and not a share of the profits; and she did not know the amount of drugs involved. She asserts that the district court failed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to analyze her culpability compared to her unindicted coconspirators and did not make sufficient individual factual findings concerning her role in the offense.

Mendoza-Padron has not shown that the district court clearly erred in denying a mitigating role reduction under § 3B1.2. The district court made specific factual findings concerning her role in the offense and determined that her role was not peripheral but rather was central to the crime; she drove the vehicle by herself approximately 250 miles from Mission to San Antonio, Texas; she maneuvered the highway and the checkpoint as an innocent traveler; and she acted as a deceptive courier. *See United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005); *Burton v. United States*, 237 F.3d 490, 504 (5th Cir. 2000) (noting this court does not follow Ninth Circuit's requirement that defendant's role be compared with that of other participants). Contrary to Mendoza-Padron's argument, this court's review is not limited to the district court's reasons for overruling the objection given at sentencing; rather, this court determines whether the district court's factual finding is "plausible in light of the record read as a whole." *See Villanueva*, 408 F.3d at 203. The factual basis and the Presentence Report established that Mendoza-Padron agreed to drive the vehicle for her unindicted coconspirator in exchange for $5000; she was told to drive to San Antonio, deliver the vehicle to another person who would return it to her a few hours later, and drive back to Mission, Texas; she knew drugs were hidden in the vehicle, but did not know the type or amount; she obtained an insurance policy for the vehicle in her name with cash; she drove through the Falfurrias checkpoint; although she was employed as a housekeeper, she was in possession of $1000 in cash which she could not explain; and she was entrusted with a large amount of cocaine as agents found 14 kilograms of cocaine hidden in the vehicle. Because she was held responsible for the amount of drugs hidden in the vehicle that she drove, her role was not minor, but was "coextensive with the conduct for which [she] was held accountable." *See United States v. Garcia*, 242 F.3d 593, 598 (5th Cir. 2001). The district court's finding that she was not a minor

2

participant was not clearly erroneous because it was "plausible in light of the record read as a whole." *See Villanueva*, 408 F.3d at 203; *Burton*, 237 F.3d at 504.

    AFFIRMED.